IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                                                                                                        No. CIV 98-0295 LH/JHG

Lot numbered One (1) of the LAVALAND ANNEX, a Subdivision of a tract of land in School District No. 28, Bernalillo County, New Mexico, as the same is shown and designated on the Map of said Subdivision, filed in the Office of the County Clerk of Bernalillo County, New Mexico, on June 12, 1941, and all improvements, appurtenances, and fixtures thereon,

    Defendant,

  and

RELAX MOTEL, INC., FRANK MCAFEE, GLORIA MCAFEE, JOHN W. MCILVAIN AND KATHLEEN MCILVAIN,

    Claimants.

## **FINDINGS OF FACT AND CONCLUSIONS OF LAW**

### **FINDINGS OF FACT**

1.     Plaintiff, United States of America, brings this civil forfeiture action seeking forfeiture of the defendant property pursuant to 21 U.S.C. § 881 (a)(7) on the grounds that the defendant property had facilitated narcotics trafficking.

2.      The defendant property is a parcel of real estate located at 5501 Central Avenue, N.W., Albuquerque, NM, with a legal description as follows:

> Lot numbered One (1) of the LAVALAND ANNEX, a Subdivision of a tract of land in School District No. 28, Bernalillo County, New Mexico, as the same is shown and designated on the Map of said Subdivision, filed in the Office of the County Clerk of Bernalillo County, New Mexico, on June 12, 1941, and all improvements, appurtenances, and fixtures thereon.

3.      The Relax Motel, Incorporated ("the Corporation"), a closely held New Mexico corporation, purchased the defendant property in 1984 from Frank and Gloria McAfee on a real estate contract. ("the Real Estate Contract," Claimant's Ex. 19).

4.      Frank and Gloria McAfee filed a verified claim of their lienhold interest in the defendant property on March 28, 1998. (Docket No. 13). The United States admits and the Court finds that the McAfees are innocent lienholders.

5.      All of the McAfees' predecessors-in-interest on the defendant property, including Claimants John and Kathleen McIlvain, are innocent lienholders

6.      Anverali Nagji, whose address is 2411 Central Avenue, N.W., Albuquerque, New Mexico, is the President and registered agent for the Corporation and owns 50 percent of the shares of the Corporation.

7.      Ashrafali Nagji is the Vice-President of the Corporation

8.      Sadrudin Nagji owns 35 percent of the shares of the Corporation.

9.      Maiwesh A.P. Nagji is the Secretary/Treasurer and owns 15 percent of the shares of the Corporation.

10.     In January 1992, Altaf Nagji ("Lessee"), the son of Anverali Nagji, entered into a lease with the Corporation for the defendant property. The lease provides for monthly payments of $2,255.00

and includes an option to buy the motel from the Corporation for $1.00 in consideration at the end of a 15 year term.

11. Since 1992, the Relax Motel has been managed by Lessee, Altaf Nagji, and his brother Aliap Nagji.

12. Sergeant Christopher Padilla (Albuquerque Police Dept., "APD"), Officer Troy Weekly (APD), Sergeant Stan Gloria (APD), Lieutenant Jim Plagens (New Mexico Dept. Public Safety), Undercover Narcotics Agent Miguel Mendez (New Mexico State Police, "NMSP"), Detective Brian Sallee (APD), Officer Greg Cunningham (APD), Special Agent Paul Jessen (Bureau of Alcohol, Tobacco and Firearms), and Special Agent Stephen Lillard (Drug Enforcement Administration) are familiar with the narcotics activity at the Relax Motel through one or more of the following: personal observation, review of surveillance tapes, discussions with informants, review of police records, and participation in undercover purchases.

13. Numerous drug dealers used the Relax Motel premises openly as a base of operations for the distribution of cocaine base, commonly known as crack cocaine, a Schedule II controlled substance, beginning by 1995 and continuing through 1998.

14. The illegal narcotics activities occurred continuously, at all times of the day, on a daily basis, and were obvious. Their testimony was corroborated by the surveillance tapes that were shown to the Court at trial.

15. Undercover Narcotics Agent Miguel Mendez (NMSP) made approximately 15 undercover purchases of cocaine base, from seven to nine different drug dealers at the Relax Motel, during the period of October through December 1995. Agent Mendez estimated that there were at least 20 other drug dealers that he observed from whom he did not make undercover buys. Approximately

50% of Agent Mendez's undercover buys at the Relax Motel occurred in the front parking lot, 25% occurred in rooms, and 25% occurred behind the motel building.

16. Anverali Nagji had contact with his sons and the Relax Motel premises during the time drug dealing was occurring on the premises. These contacts included: discussions with his sons regarding problems happening on the property, inspections of the property, picking up rent from the motel, picking up dry cleaning for the business his son ran adjacent to the Relax Motel, and at least two visits to the premises when search warrants were being executed. APD Detective Victor Trevino, Sergeant Padilla, Officer Weekly, Sergeant Gloria, and Officer Cunningham saw Anverali Nagji on the premises of the Relax Motel. Henry Vigil, who owns a business adjacent to the Relax Motel, saw Anverali Nagji at the Relax Motel "a lot of times, not every day, but at least once in a while, once or twice a week."

17. Anverali Nagji testified that every motel in the area had problems with illegal activities.

18. Anverali Nagji knew that drug dealing was occurring on the premises of the Relax Motel.

19. When his sons told him about illegal activity at the Relax Motel, Anverali Nagji told his sons to get the police to take care of the problem.

20. Anverali Nagji gave his sons no other directions as to reasonable steps they should take to address the issue of illegal activity on the premises. Nor did Anverali Nagji personally take any steps to address the issue of illegal activity on the premises of Relax Motel.

21. There was no evidence that any of the officers or directors of the corporation took any action to address the problem of drug dealing at the motel premises.

22. As Vice-President of the Albuquerque Independent Motel Owner Association, Anverali Nagji issued one poster (Claimant's Ex. 7) that warned tenants that if they used the rooms for criminal

activities they would be subject to eviction without refund and that the activities would be reported to the police. However, no evidence was presented to the Court that the poster was ever posted at the Relax Motel.

23. Neither Anverali Nagji nor any other officer or director of the corporation called the police to address the drug dealing at the Relax Motel.

24. There was no evidence that Anverali Nagji ever told the drug dealers to leave the premises of the Relax Motel.

25. Anverali Nagji did not check whether the registration cards at Relax Motel were completely and accurately filled out by the guests.

26. Whenever Lessee knew and talked about illegal acts at the motel, Maiwesh Nagji told him to call the police.

27. Maiwesh Nagji, Secretary and a shareholder of Relax Motel, Inc., did not take any steps to prevent drug dealing at Relax Motel other than tell Lessee to call the police when there are problems.

28. Sadrudin Nagji, a shareholder of Relax Motel, Inc., who lives in Dallas, Texas, never checked on the status of the motel.

29. Ashrafali Nagji, the Vice-President of Relax Motel, Inc., lives in Toronto, Canada, and testified that he was never aware of illegal activity at Relax Motel. None of Ashrafali Nagji's testimony indicates that he took any steps to stop the narcotics trafficking.

30. Altaf Nagji, Lessee, saw people selling drugs in the parking lot of the Relax Motel. He testified that when he asked people to leave the premises they would sometimes threaten him. Altaf Nagji stated that he called the authorities whenever he saw people selling drugs in the parking lot up

until he received a visit from a police sergeant. Altaf Nagji testified that the police sergeant came to the motel office and told Altaf not to call the police any more.

31. Altaf Nagji also testified that he never informed anyone in the Corporation about the illegal activities occurring at the Relax Motel. However, his testimony is inconsistent with that of his mother, Maiwesh Nagji, and his father, Anverali Nagji, both of whom testified that they told Altaf to get the assistance of the police due to these illegal activities. I find that this portion of Altaf Nagji's testimony is not credible.

32. I find that erecting a barrier to prevent vehicles from driving to the rear portion of the motel is a reasonable step, under the circumstances, that could have prevented illegal use of the premises.

33. I find that hiring a security guard is a reasonable step, under the circumstances, that could have prevented illegal use of the premises.

34. I find that restricting occupancy at the motel to actual customers is a reasonable step, under the circumstances, that could have prevented illegal use of the premises.

35. There was no evidence that the Corporation or the Lessee took any reasonable steps, except to call the police, as mentioned in Finding of Fact No. 27.

36. Both the Corporation and Lessee knew that the defendant property was used to facilitate felony violations involving the distribution of cocaine base.

37. Because neither the Corporation nor the Lessee took all reasonable steps to prevent illegal use of the premises, I find that both the Corporation and the Lessee consented to the illegal activity.

## CONCLUSIONS OF LAW

1. The Court has jurisdiction over the subject matter and parties hereto.

2. It is undisputed that the defendant property was used to facilitate felony violations involving the distribution of cocaine base, in violation of the Controlled Substances Act. 21 U.S.C. § 801 *et seq*.

3. Plaintiff has established probable cause to initiate the forfeiture proceedings. (Order, December 9, 1999, Docket No. 40).

4. Once probable cause for forfeiture has been established, claimants may recover the defendant property only by establishing a defense to forfeiture by a preponderance of the evidence. *United States v. $149,442.43*, 965 F.2d 868, 877 (10th Cir. 1992).

5. The innocent owner defense contained in 21 U.S.C. § 881 (a)(7) provides that ". . . no property shall be forfeited . . . to the extent of an interest of an owner, by reason of any act or omission established by that owner to have been committed or omitted without the knowledge or consent of that owner."

6. The Claimant may avoid forfeiture by establishing either that he had no knowledge of the narcotics activity or, if he had knowledge, that he did not consent to it. *United States v. 141st Street Corp.*, 911 F.2d 870, 878 (2nd Cir. 1990).

7. To show lack of consent, the claimant must prove that he took all reasonable steps to prevent illicit use of the premises. *Id.* at 879.

8. The Corporation failed to prove lack of actual knowledge of illegal narcotics activity occurring on the premises of the Relax Motel by a preponderance of the evidence.

9. The Corporation failed to take all reasonable actions to correct the situation and thus has failed to establish lack of consent by a preponderance of the evidence.

10. The Lessee, Altaf Nagji, failed to prove lack of actual knowledge of illegal narcotics activity occurring on the premises of the Relax Motel by a preponderance of the evidence.

11. The Lessee failed to take all reasonable actions to prevent illegal use of the premises and thus failed to establish lack of consent by a preponderance of the evidence.

12. Frank McAfee and Gloria McAfee are innocent lienholders.

It is unnecessary to reach the legal issue as to whether Lessee had any ownership interest pursuant to his lease-with-an-option-to-purchase agreement with the Corporation. This is because both the Corporation and the Lessee have failed to prove the essential elements of the innocent owner defense mentioned above.

**IT IS, THEREFORE, ORDERED** that the right, title and interest of Claimant Relax Motel, Inc. and Lessee is forfeited to the United States and title thereto is vested in the United States, subject to the interests of the McAfees and all other predecessors-in-interest on the defendant property.

<u>/s/ LeRoy Hansen</u>
**UNITED STATES DISTRICT JUDGE**