IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                                                                                                             No. CIV 98-0295 LH/JHG

Lot numbered One (1) of the LAVALAND
ANNEX, a Subdivision of a tract of land in
School District No. 28, Bernalillo County,
New Mexico, as the same is shown and
designated on the Map of said Subdivision,
filed in the Office of the County Clerk of
Bernalillo County, New Mexico, on June 12,
1941, and all improvements, appurtenances,
and fixtures thereon,

    Defendant,

and

RELAX MOTEL, INC., FRANK MCAFEE,
GLORIA MCAFEE, JOHN W. MCILVAIN
AND KATHLEEN MCILVAIN,

    Claimants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court upon Claimant's Motion for Stay of Judgement [sic] Pending Appeal (Docket No. 65), brought pursuant to Fed. R. Civ. P. 62. The Court, having considered the briefs and arguments of both parties, concludes that it is appropriate to grant a stay pending appeal, provided that Claimant posts a supersedeas bond under the terms set forth below.

When an appeal is taken, the appellant may obtain a stay by giving a supersedeas bond. FED. R. CIV. P. 62(d). Furthermore, 28 U.S.C. § 1355(c) states:

> Upon motion of the appealing party, the district court or the court of appeals shall issue any order necessary to preserve the right of the appealing party to the full value of the property at issue, including a stay of the judgment of the district court pending appeal or requiring the prevailing party to post an appeal bond.

The amount of a supersedeas bond is intended to cover the judgment, interest and allowable costs. D.N.M.LR-Civ. 65.1(d).

District courts have inherent discretionary authority in setting supersedeas bonds. *Miami Int'l Realty Co. v. Paynter*, 807 F.2d 871 (10th Cir. 1986). FED.R.CIV.P.62 has been construed to apply to nonmonetary judgments as well as monetary judgments. *See, e.g.*, *J. Perez & Cia., Inc. v. United States*, 578 F. Supp. 1318, 1320 (D.P.R. 1984), *aff'd*, 747 F. 2d 813 (1st Cir. 1984).

In response to Claimant's motion, Plaintiff objects to a stay being entered, even if Claimant gives a supersedeas bond, on the grounds that a stay is neither necessary nor appropriate. Furthermore, Plaintiff points out deficiencies in Claimant's offers to maintain the property and to continue insurance on the property, pending appeal.

Given the unique nature of real property, I conclude that a stay of execution pending appeal is both necessary and appropriate. I agree with Plaintiff as to deficiencies in Claimant's offers to maintain and insure the property however, and conclude that a supersedeas bond is necessary security for the judgment creditor.

In its motion, Claimant has suggested a bond in a "fair and reasonable amount", without elaborating as to what amount that might be. Claimant has provided the Court with no information as to its ability to secure this bond. It is Plaintiff's position that the fair market value of the property

should be the value set for the supersedeas bond.[1]  According to a market analysis ordered by the U.S. Marshal's Service, this property is worth $180,000.  I conclude in my discretion, in the absence of any proposal by Claimant as to alternative security, that $180,000 would be an appropriate amount for a bond pending appeal.

**WHEREFORE**, Claimant is hereby granted ten (10) days to submit to the Court for its approval a duly-qualified bond, with surety, in the amount of $180,000.

**IT IS ORDERED** that Claimant has until March 26, 2000 to submit a duly-qualified bond, with surety, to the Court for its approval, in the amount of $180,000.  If this bond is not submitted to this Court on or before this date, or if the submitted bond is not approved by the Court, the Temporary Stay in effect in this matter shall be immediately lifted.

**IT IS SO ORDERED.**

_____
**UNITED STATES DISTRICT JUDGE**

---

[1] No amount for interest or costs was mentioned or requested by the Plaintiff.